STATE OF CONNECTICUT *v.* ALBERT P. YOUNG

Decided July 30, 1958

*Albert Parker Young,* the defendant, pro se.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. On October 2, 1952, the defendant, then age forty-one, pleaded guilty to two counts of burglary and was sentenced by the Superior Court at Hartford to serve not less than seven nor more than fifteen years on each count, the sentences to run concurrently and to follow any sentence which he must serve as a parole violator. At the time, there remained to be served by the defendant about one year and three months of a previous sentence for burglary.

Shortly after midnight on August 10, 1952, the defendant broke into the home of Mrs. Lottie Ghagan located at 6 Bragg Street, East Hartford. Mrs. Ghagan had been sleeping and she was awakened to see the defendant standing near a chest of drawers in her bedroom with the top drawer open. She screamed and he ran out of the house.

At 2:49 a.m. on the same day, the defendant broke into the home of a Mr. Brit Raymond located at

80 Central Avenue in East Hartford. While Mr. and Mrs. Raymond were in bed, Mrs. Raymond thought she heard a noise and called her husband's attention to it. She got out of bed and walked to the telephone to call the police. The defendant, who had concealed himself in a clothes closet, came out and ran toward a window. Mr. Raymond tried to reach him, but he dove through the screen head first and escaped despite pursuit. He was arrested by police that same day.

The sentencing judge had before him the following criminal record of the defendant:

May 21, 1929 — New Orleans — petit larceny — thirty days.

July 18, 1929—New Orleans—entering in nighttime—nolled.

April 12, 1932—Plymouth, Mich.—larceny from vacant building—six months to one year.

March 31, 1933—Detroit, Mich.—attempted breaking and entering a store at night—two to five years in state prison—discharged December 22, 1934.

February 25, 1936—Detroit, Mich.—larceny in a building, two counts—three to four years in state prison on each count—discharged July 15, 1940.

December 8, 1941—Bergen County Criminal Court, Hackensack, N.J.—burglary—five to ten years in state prison—released March 29, 1947.

June 3, 1947—Superior Court, New Haven—burglary, six counts—five to eight years in state prison—paroled June 20, 1952.

It is the claim of the defendant that his sentences are inequitable and unjust on the basis of comparison with what he describes as the average sentence to the state prison for burglary. The defend-

ant apparently accumulated a great many statistics. The average which he refers to was arrived at without reference to the particulars of the crimes, the prior records of the prisoners, the probability of their rehabilitation or any of the other elements which a sentencing judge must consider. The defendant stated to this court that his previous criminal record should not have been considered by the trial court because he had already paid the penalty for his prior offenses. He also urged that he is one of only a few inmates of the state prison who has been required to begin a sentence at the expiration of time owed as a parole violator on a previous sentence.

An examination of the defendant's prior record indicates that in the period from April 12, 1932, when he received his first substantial sentence, until October 2, 1952, the date of the present sentence, about twenty years and six months had elapsed. Of this time the defendant had spent at least eighteen years in various penal institutions. Within a short time after his release from prison on each occasion he was again convicted for the same type of offense. To hold that the sentencing judge should ignore the facts of the particular crime, the prior record of the defendant and the probability of rehabilitation of the defendant is untenable. Young points out that there is considerable variation in sentences imposed by the judges of our Superior Court for the same offense. This may well be so. Were it not so, it would indicate that judges were ignoring the principles of individual consideration which are essential in each case. A proper sentence should fit the crime and the individual.

The defendant compares his sentence with that of persons who received lesser ones. Unless we have all the facts before us, we cannot evaluate these cases. It may well be that there are some inmates

whose sentences are inadequate for the crimes committed. Certainly such sentences should not be used as a guide by this court. If provided with the opportunity, it is possible that we could be of assistance in equalizing sentences wherever proper by exercising the power conferred on this court by statute to increase as well as decrease sentences. It is noteworthy, however, that if there are such cases they have by and large refrained from applying for a review of sentence.

In the instant case the defendant pleaded not guilty to two counts on an information charging him with burglary and as an habitual criminal. Upon his change of plea to guilty on the burglary charge, the habitual criminal charge was not pressed. The defendant was informed by the defense counsel what the recommendation of the state's attorney's office would be and he changed his plea with that in mind. In our opinion the sentences of the court are proper and should stand.

Thim, Ryan and Pastore, Js., participated in this decision.